By the Court—Moncrief, J.
These exceptions in my opinion might properly and justly be disposed of, by a concurrence in the view expressed at the trial by the learned late Chief Justice; but inasmuch, as it was by his order, that they are heard at the General Term, an examination of the testimony and of the rules of law applicable to the issues in the action has been made.
• As to the first proposition, it will be noticed, that the counsel for the defendant, at the time of making his requests, nor when his attention was directly called to the alleged want of evidence to sustain it, did not specify a portion of the testimony even tending to support it, nor did the counsel, upon the argument, *153 point to any suck evidence. An exception under suck circumstances in fairness or in law will not be upheld. (3 Denio, 598; 3 Kern., 338.)
The proposition assumed some evidence in the case upon which the jury properly might arrive at the conclusion that the seller of the horse, Demers, was guilty of fraud in mating the sale with his guaranty that it was not unsound. There is no such evidence in the case as now presented. Demers positively denied that there was any unsoundness in the horse at the time of sale, and other witnesses agreed with him. The Jury could not be permitted to indulge in speculation and conjecture as to the possibility that Demers knew better or otherwise than as he had testified; there was no evidence to impeach him orto impute other than entire good faith in the transaction.
As to the second and third propositions, it seems to me that the learned counsel, in mating his fourth proposition, conceded the two former to be unsound and untenable.
In Cary v. Gruman, (4 Hill, 625,) it is expressly decided, and I am not aware that the case has been reversed or explained, “ that a warranty on the sale of a chattel is, in legal effect, a promise that the subject of sale corresponds with the warranty in title, soundness or other quality to which it relates; and is always so stated in the declaration when it is technically framed. It naturally follows that if the subject prove defective within the meaning of the warranty, the stipulation can be satisfied in no other way than by making it good. That cannot be done except by paying to the vendee such sum as, together with the cash value of the defective article, shall amount to what it would have been worth if the defect had not existed. There is no right in the vendee to return the article and recover the price paid, unless there be fraud, or an express agreement for a return.” A different rule undoubtedly did prevail at an earlier period, and is commented upon in this case. (Voorhees v. Earl, 2 Hill, 288.)
It was not pretended that there was any agreement for a return of the horse; and there is an entire absence of anything to establish fraud.
Heither of the exceptions being well founded, judgment should be entered for the plaintiff in conformity to the verdict.
Ordered judgment for the plaintiff on the verdict, with his costs.